IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA GARBER : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 21-59 |
| : | |
| COMMISSIONER OF SOCIAL SECURITY : | |

**ORDER**

**AND NOW**, this 14th day of February, 2024, upon consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Review (ECF No. 13), and after careful and independent review of the full record including the comprehensive Report and Recommendation of Magistrate Judge Rice ("R & R," ECF No. 18), and after consideration of Plaintiff's Objections to the Magistrate Judge's Report and Recommendations ("Objs.," ECF No. 19) and Defendant's response thereto (ECF No. 20), it is **ORDERED** as follows:

1. Plaintiff's Objections are **OVERRULED**.[1]

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.

3. The Clerk of Court is directed to enter judgment in favor of Defendant, and mark this matter as closed.

**IT IS SO ORDERED**.

BY THE COURT:

/s/ R. Barclay Surrick
**R. BARCLAY SURRICK, J.**

---

[1] Plaintiff, Jessica Garber, brought this action seeking review of a decision by Defendant, the Commissioner of the Social Security Administration ("SSA"), denying Plaintiff's request for Disability Insurance Benefits under the Social Security Act. ("Compl.," ECF No. 1, ¶ 1.) An Administrative Law Judge ("ALJ") denied Plaintiff's request and the SSA's Appeals Council subsequently affirmed the ALJ's

decision.  (*Id.*, ¶¶ 7–8; R & R at 1–4.)  Plaintiff timely filed this request for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  (*See* Compl., ¶ 8.)  We subsequently referred this matter to United States Magistrate Judge Timothy R. Rice.  (ECF No. 6.)  *See also* 28 U.S.C. § 636(b)(1)(A) (providing that a judge "may designate a magistrate judge to hear and determine" certain pretrial matters).  Judge Rice prepared a Report and Recommendation, which recommended that Plaintiff's request for review be denied and that judgment be entered for the Commissioner.  (R & R at 18.)  Plaintiff then filed Objections to the Report and Recommendation.  (Objs.)

When a party makes a timely and specific objection to a portion of a report and recommendation by a United States Magistrate Judge, the district court is obligated to engage in de novo review of the issues raised on objection.  *See Goney v. Clark*, 749 F.2d 5, 6 (3d Cir. 1984); 28 U.S.C. § 636(b)(1).  In doing so, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The court may also, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

Review of an ALJ's findings of fact is limited to determining whether or not substantial evidence exists in the record to support the Commissioner's decision.  *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)).  "The Court is bound by the ALJ's findings of fact if they are supported by substantial evidence in the record."  *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Id.* (internal quotations omitted).

In upholding the ALJ's denial of benefits, Judge Rice rejected Plaintiff's argument that the ALJ improperly weighed the opinion of her treating psychiatrist, Dr. Lysette Ramos.  Dr. Ramos found that Plaintiff experienced several symptoms of diminished mental and physical health that negatively impacted her ability to work.  (*See* R & R at 8–10, citing "Admin. Rec.," ECF No. 12, at 1453–56.)  Dr. Ramos ultimately concluded that "Garber could be expected to perform a full-time job less than 80% as efficiently as an average worker, would be unable to complete a full workday four or more days per month, and would be absent four or more days per month."  (*Id.* at 10, citing Admin. Rec. at 1456.)  While the ALJ acknowledged Dr. Ramos's conclusion, he ultimately found it to be unpersuasive "because: (1) it was not supported by Ramos's treatment records, 'which generally reflect[ed] improved symptoms with medication and relatively unremarkable mental status findings other than an anxious mood/affect and a tendency to be hyper-verbal'; and (2) someone with such marked limitations would be expected to have sought or at least been referred for more intensive treatment."  (*Id.*, quoting "ALJ Opinion," ECF 12-2, at 10 of 13.)  The ALJ ultimately held that "Dr. Ramos's opinions [are] not clearly well supported by her own treatment records nor consistent with the record as a whole."  (ALJ Opinion at 10.)  Judge Rice found that the ALJ's holding was supported by substantial evidence.  (R & R at 10–12.)  Specifically, he pointed to ALJ's conclusion that evidence showing Plaintiff's ability to engage in common daily activities, such as cooking, shopping, and managing money, undermined Dr. Ramos's conclusion regarding Plaintiff's limitations.  (*Id.* at 10–11, citing ALJ Opinion at 5–6.)

Plaintiff objects to Judge Rice's alleged holdings that "Dr. Ramos's conclusion regarding the degree of Ms. Garber's limitations and likely absences was unpersuasive" and "not supported by the record."  (Objs. at 1.)  However, Plaintiff's framing of Judge's Rice's holdings misses the mark.  Judge Rice did not make his own, de novo determination regarding whether Dr. Ramos's conclusion was persuasive or supported by Garber's medical record.  Rather, he concluded that the *ALJ's* holding that Dr. Ramos's conclusion regarding Plaintiff's limitations was not supported by the administrative record was itself supported by substantial evidence in the administrative record.  (R & R at 10–12.)  We agree.  While Plaintiff points to evidence that she believes supports Dr. Ramos's opinion (*see* Objs. at 1–2), "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision."  *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 764 (3d Cir. 2009).  Ultimately, the substantial evidence standard is not a high threshold to meet.  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  The ALJ's opinion cleared that bar,

---

as it was supported by evidence of Plaintiff's ability to engage in common daily activities that "a reasonable mind might accept as adequate" to dispute Dr. Ramos's conclusion.  *See Plummer*, 186 F.3d at 427.  Accordingly, we overrule Plaintiff's Objections and approve and adopt Judge Rice's Report and Recommendation.